IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENISE MAXINE BROWER,                    3:12-CV-00394-BR

          Plaintiff,                     OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

          Defendant.


SARA L. GABIN
14523 Westlake Drive
Lake Oswego, OR 97035-8651
(503) 620-3171

          Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

        Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Denise Maxine Brower seeks judicial review of a
final decision of the Commissioner of the Social Security Admini-
stration (SSA) in which she denied Plaintiff's application for
Disability Insurance Benefits (DIB) under Title II of the Social
Security Act.  This Court has jurisdiction to review the
Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision
of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on April 1, 2008,
alleging a disability onset date of February 1, 2008.  Tr. 132,

162.[2]  The application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on July 26, 2010.  Tr. 100.  At the hearing Plaintiff was

represented by an attorney.  Plaintiff, a medical expert (ME),

and a vocational expert (VE) testified.

The ALJ issued a decision on August 20, 2010, in which she

found Plaintiff is not disabled and, therefore, is not entitled

to benefits.  Tr. 19-31.  Pursuant to 20 C.F.R. § 404.984(d),

that decision became the final decision of the Commissioner on

January 12, 2012, when the Appeals Council denied Plaintiff's

request for review.

## BACKGROUND

Plaintiff was born on July 14, 1962, and was 48 years old at

the time of the hearing.  Tr. 67.  Plaintiff has a tenth-grade

education.  Tr. 42.  Plaintiff has past relevant work experience

as a fork-lift operator and office clerk.  Tr. 30.

Plaintiff alleges disability due to chronic back pain.

Tr. 162.

Except when noted, Plaintiff does not challenge the ALJ's

summary of the medical evidence.  After carefully reviewing the

medical records, this Court adopts the ALJ's summary of the

---

[2] Citations to the official transcript of record filed by
the Commissioner on September 11, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

medical evidence.  *See* Tr. 27-29.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled within the
meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.
2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially
dispositive.

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity "during the period from her alleged onset date of February 1, 2008 through her date last insured of

June 30, 2009."  Tr. 24.

At Step Two, the ALJ found Plaintiff has the severe impairment of "chronic low back pain status post back surgery." Tr. 24.  The ALJ found Plaintiff's alleged impairment of depression is nonsevere.  Tr. 24.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 25.  The ALJ found Plaintiff has the RFC to perform "less than sedentary work" as defined in 20 C.F.R. § 404.1567(a).  Tr. 26.  The ALJ found Plaintiff can occasionally stoop; kneel; crouch; crawl; and climb ropes, ladders, and scaffolds.  Tr. 26.  The ALJ found Plaintiff should avoid "concentrated exposure to vibrations" and limited Plaintiff to "simple and routine tasks."  Tr. 26.

At Step Four, the ALJ found Plaintiff is incapable of performing her past relevant work.  Tr. 29.

At Step Five, the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy.  Tr. 30. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to find at Step Two that Plaintiff suffers somatoform disorder;

(2) improperly rejected Plaintiff's testimony; (3) gave little weight to the opinion of Charles Miller, M.D., treating physician; (4) relied on an incomplete hypothetical to the VE; and (5) accepted the VE's testimony as sufficient.

**I.    The alleged error by the ALJ at Step Two was harmless.**

Plaintiff contends the ALJ erred when he failed to find at Step Two that Plaintiff suffered from somatoform disorder.

As noted, at Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.920(a)(4)(ii). A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.921(a). *See also Ukolov*, 420 F.3d at 1003. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.921(a), (b). Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

9 - OPINION AND ORDER

> [A]n impairment can be considered as not severe
> only if it is a slight abnormality which has such
> a minimal effect on the individual that it would
> not be expected to interfere with the individual's
> ability to work . . . . [T]he severity regulation
> is to do no more than allow the Secretary to deny
> benefits summarily to those applicants with
> impairments of a minimal nature which could never
> prevent a person from working.

SSR 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).

There is not any evidence in this record that any medical source diagnosed Plaintiff with somatoform disorder. The Ninth Circuit has held a diagnosis from an acceptable medical source is a prerequisite to a finding that a medically determinable impairment exists and symptoms by themselves are not sufficient to establish such an impairment. *Ukolov v. Barnhart*, 420 F.2d 1002, 1005-6 (9th Cir. 2005).

In addition, the Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor). Because the ALJ resolved Step Two in Plaintiff's favor, the Court concludes any error by the ALJ in failing to identify somatoform disorder as a severe impairment is harmless.

10 - OPINION AND ORDER

II.  **The ALJ gave clear and convincing reasons for partially
rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when she failed to give
clear and convincing reasons for partially rejecting Plaintiff's
testimony.

In *Cotton v. Bowen* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  The claimant, however, need not produce objective
medical evidence of the actual symptoms or their severity.
*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th
Cir. 1995)).  General assertions that the claimant's testimony is
not credible are insufficient.  *Id*.  The ALJ must identify "what
testimony is not credible and what evidence undermines the
claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable

impairments could reasonably be expected to cause the alleged
symptoms; however, [Plaintiff's] statements concerning the
intensity, persistence and limiting effects of these symptoms are
not credible to the extent they are inconsistent with the [RFC]
assessment." Tr. 27.

The record reflects Plaintiff injured her back while working
in 1996 and she underwent back fusion surgery in 1997.  Tr. 220.
At the hearing Plaintiff testified she last worked in 2007 as an
office clerk.  The ALJ noted Plaintiff underwent MRI scans of her
back in 2004, 2005, and 2008, all of which revealed Plaintiff had
mild narrowing of her L4-L5 neural foramina, "very mild" bulging
at L3-L4, mild diffuse bulging of the L5-S1 disk, and no nerve-
root impingement.  Tr. 28, 253, 286, 293.  Each of the MRIs
showed no change in Plaintiff's condition from the time she was
able to work through the time she stopped working.

The ALJ also noted Plaintiff failed to follow treatment
recommendations made by her treating physician, Dr. Miller,
including smoking cession and regular exercise.  Tr. 27, 234.
Finally, the ALJ noted Plaintiff's activities of daily living
undermined Plaintiff's alleged limitations.  Tr. 27.

On this record the Court finds the ALJ provided clear and
convincing reasons supported by substantial evidence in the
record for finding Plaintiff's testimony not entirely credible as
to the intensity, persistence, and limiting effects of her

conditions.  The Court, therefore, concludes the ALJ did not err
when she rejected Plaintiff's testimony in part.

### III.  The ALJ did not err when she gave little weight to Dr. Miller's opinions.

Plaintiff contends the ALJ erred when she gave the opinions
of Dr. Miller little weight.

An ALJ may reject a treating physician's opinion when it is
inconsistent with the opinions of other treating or examining
physicians if the ALJ makes "findings setting forth specific,
legitimate reasons for doing so that are based on substantial
evidence in the record."  *Thomas v. Barnhart*, 278 F.3d 947, 957
(9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751
(9th Cir. 1989)).  When the medical opinion of an examining or
treating physician is uncontroverted, however, the ALJ must give
"clear and convincing reasons" for rejecting it.  *Thomas*, 278
F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th
Cir. 1995).

A nonexamining physician is one who neither examines nor
treats the claimant.  *Lester*, 81 F.3d at 830.  "The opinion of a
nonexamining physician cannot by itself constitute substantial
evidence that justifies the rejection of the opinion of either an
examining physician or a treating physician."  *Id.* at 831.  When
a nonexamining physician's opinion contradicts an examining
physician's opinion and the ALJ gives greater weight to the
nonexamining physician's opinion, the ALJ must articulate his
13 - OPINION AND ORDER

reasons for doing so.  *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

On May 19, 2008, Dr. Miller opined in a letter to Plaintiff's employer, Mountain Cat Construction, LLC, that "[d]ue to worsening symptoms of a previously sustained on the job injury, [Plaintiff] will be unable to fulfill the commitments and requirements in her participation in the following business: Mountain Cat Construction, LLC."  Tr. 385.

On April 27, 2009, Dr. Miller noted in a letter related to Plaintiff's 1995 worker's compensation insurance claim that

> [o]ver the past several months I have noted [Plaintiff] has been unable to fulfill the job duties associated with being an office receptionist. . . . [Plaintiff's] problem stems from a chronic failed back syndrome secondary to which, she has pain with standing and sitting for more than 15 or 20 minutes.  Her pain is alleviated only by lying down.  She has been evaluated by a local neurosurgeon who feels she is not an operative candidate.
>
> [Plaintiff] has failed to improve with physical therapy, oral nonsteroidal anti-inflammatory medications, oral nerve conduction inhibition medications such as gabapentin and oral narcotics.
>
> It is my opinion, therefore, that [Plaintiff] is unable to perform or fulfil the duties of any job and therefore should be declared effectively 100% disabled.

Tr. 391-92.

The ALJ gave the opinions of Dr. Miller little weight noting

14 - OPINION AND ORDER

Dr. Miller opined in October 2006 that Plaintiff could work a
sedentary job and did not explain any reason for his change of
opinion as to Plaintiff's abilities in 2008 and 2009.  Tr. 29.
The ALJ noted the record reflects there is not any change in
Dr. Miller's objective findings on Plaintiff's MRIs between 2006
and 2009 or in his findings upon examination of Plaintiff in that
period.

     The ALJ also notes Dr. Miller stated in his 2009 letter that
a neurosurgeon had examined Plaintiff and found she was not a
good candidate for surgery.  The record, however, reflects
Plaintiff was examined only once by neurosurgeon Mark Bleza,
M.D., who did not offer any opinion as to Plaintiff's suitability
for surgery.  Tr. 29, 290.  In fact in September 2008 Dr. Belza
advised the Idaho Department of Labor, Disability Determinations
Service (DDS) that during Plaintiff's single visit, Dr. Belza
recommended she undergo x-rays and a bone scan and directed
Plaintiff follow up with his office.  Tr. 290.  Dr. Belza did not
perform a work-capabilities examination of Plaintiff and "never
determined any abilities related to [Plaintiff's] work other than
her relaying her complaints of back pain related to her old on-
the-job injury, apparently of 1996."  Tr. 290.  Plaintiff did not
return to Dr. Belzer's office and, therefore, Dr. Belzer was
"unable to address the questions" the Idaho DDS had "regarding
[Plaintiff's] current status regarding work and her abilities."

15 - OPINION AND ORDER

Tr. 290.

The ALJ pointed out that Dr. Miller stated in his April 2009 letter that Plaintiff's condition failed to improve with physical therapy, but the record reflects Plaintiff went to physical therapy only three times in 2005 and did not return. Tr. 29, 221.

The ALJ further notes the medical expert, David Rullman, M.D., testified at the hearing that he did not believe Plaintiff's condition meets or equals a Listing.  Tr. 54. Dr. Rullman testified Plaintiff's various MRIs showed she has "minimal disk bulge, effusion that is well-healed, and the foramina show a mile impairment on the right, which is the side of her symptoms, and a moderate impairment on the left [on] which . . . she does not have symptoms."  Tr. 53.  Dr. Rullman noted Dr. Miller "describes findings strikingly in reverse of [Dr. Belzer]; namely, straight leg raising is positive, in contrast to what Dr. Belsa [sic] reported."  Tr. 57.  Dr. Rullman pointed out that examining physician Dr. Moser also did not find positive straight-leg raising and concluded he would "accept the most expert person to be assessing leg raising tests, namely [Dr. Belzer]."  Tr. 57.

The Court finds on this record that the ALJ did not err when she gave little weight to Dr. Miller's 2008 and 2009 opinions because the ALJ provided legally sufficient reasons supported by

substantial evidence in the record for doing so.

**IV.   The ALJ's hypothetical to the VE was complete.**

Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain all of Plaintiff's work-related limitations.  Because the Court has concluded the ALJ did not err when she found Plaintiff not to be credible in part, did not err in her assessment of Plaintiff's RFC, and did not err when she gave little weight to the opinions of Dr. Miller, the Court also finds the ALJ's hypothetical to the VE was not erroneous.

**V.   The ALJ did nor err when she relied on the VE's testimony.**

Finally, Plaintiff contends the ALJ erred when she relied on the VE's testimony in finding Plaintiff could perform other work that exists in significant numbers in the national economy. Specifically, Plaintiff contends the VE's reliance on Census Bureau data and his professional experience to derive the number of jobs existing in the national economy available for the two jobs the VE opined Plaintiff could perform was an insufficient methodology.  The Ninth Circuit, however, has held with respect to a finding at Step Five that "[a] VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required," and an ALJ's "reliance on the VE's testimony regarding the number of relevant jobs in the national economy [is] warranted." *Bayliss v.*

17 - OPINION AND ORDER

*Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The Court finds on this record that the ALJ did not err when she gave relied on the VE's testimony related to other work existing in significant numbers in the national economy because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of May, 2013.


_____
ANNA J. BROWN
United States District Judge